UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24644-CIV-WILLIAMS/SIMONTON

HECTOR PINTO,

      Plaintiff,

v.

MARKEL INSURANCE COMPANY,

      Defendant.

_____/

## ORDER FOLLOWING DISCOVERY CONFERENCE

This matter is before the Court following an informal discovery conference.  The Honorable Kathleen M. Williams, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge (DE # 16).  Defendant noticed this hearing because Plaintiff refused to produce personal and corporate tax returns.  (DE # 18).  At the informal discovery hearing held on May 14, 2014, the Court ruled on the parties' discovery disputes, stating the reasons for the rulings on the record.  This Order sets forth the rulings and incorporates by reference the reasons stated at the hearing.

This case involves an insurance claim for the death of a Paso Fino stallion named "Escandalo Royale."  (DE # 1).  Defense counsel argued that the Plaintiff should be ordered to produce his personal and corporate tax returns because they are relevant to the affirmative defenses asserted in this case (DE # 17), namely that Plaintiff has committed fraud in connect with the insurance claim at issue.  Specifically, defense counsel noted that: Plaintiff has only been in this country a short time; has a limited employment history (worked as a bagger at Publix); the Paso Fino registration information indicates that Escandalo Royale was bay colored with no markings, but the

pre-insurance and post-death examinations of Escandalo Royale indicates it was chestnut colored and had markings; the veterinarian who performed the pre-insurance and post-death examinations cannot be located at the present time; Plaintiff made an initial payment of $80,000 for Escandalo Royale and then made $100,000 in payments over the next five months from two different bank accounts with different versions of Plaintiff's name as well as from his corporation and with cashier's checks; and, the horse had no history of illness prior to its death.  The Defendant seeks the financial information to explore a motive to support its affirmative defense, which is based on the theories that a different horse died; that the death was not from natural causes; or, was not really owned by Plaintiff.  Plaintiff's counsel argued that the tax returns are irrelevant at this time because there has been no discovery in this case to suggest that Plaintiff has committed fraud.  Until such evidence is obtained in discovery, Plaintiff's counsel maintains that the request for tax returns is irrelevant and premature.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Plaintiff has not argued that tax return information is not discoverable absent a higher showing of relevance, such as a compelling need.[1]  The Court finds that

---

[1]The Court notes, however, that tax returns and private financial data enjoy some protection, and some courts require a clear and compelling showing to justify disclosure. *Pendlebury v. Starbucks Coffee Co.*, Case No. 04-80521–CIV, 2005 WL 2105024, *1–2 (S.D. Fla. Aug. 29, 2005).  This Court and others within the Eleventh Circuit, however, have held that a moving party does not have to demonstrate a "compelling need" to require the production of tax returns.  Rather, only a showing of

Defendant has demonstrated that the tax records are relevant to its defenses in this

case, and has established a sufficient basis for its affirmative defense of fraud.  Based

on all of the circumstances described by defense counsel, including the color

differences of Escandalo Royale, Plaintiff's financial situation, and the missing

veterinarian, Defendant has made a sufficient showing to warrant an order compelling

production of Plaintiff's tax returns.  *See generally Powell v. U.S. Fid. and Guar. Co.*, 855

F. Supp. 858, 861 (E.D. Va. 1994); *Universal Acupuncture Pain Serv. v. State Farm Mut.*

*Ins. Co.*, No. 01-CIV-7677, 2002 WL 31309232, at *3 (S.D.N.Y. Oct. 15, 2002).  Accordingly,

the Court will grant Defendant's request and Order Plaintiff to produce the requested tax

records in his custody or control on or before **May 27, 2014**.  If Plaintiff is not presently

in possession of all of the requested records, Plaintiff's counsel shall confer with

defense counsel regarding an appropriate schedule for producing those records, or

provide an appropriate authorization for Defendant to obtain them.  Further, Plaintiff's

tax records shall be held confidential and not disclosed other than for use in this

litigation.  If used as an exhibit in connection with any Court proceeding, the records

---

relevancy is required.  *Preferred Care Partners Holding Corp. v. Humana, Inc.*, Case No. 08-20424, 2008 WL 4500258, at *4 (S.D. Fla. Oct. 3, 2008); *accord Callaway v. Papa John's USA, Inc.,* Case No. 09-61989, 2010 WL 4024883, *2 (S.D. Fla. Oct. 12, 2010); *United States v. Certain Real Property*, 444 F. Supp 2d 1258 (S.D. Fla. 2006).  These cases have relied upon *Maddow v. Proctor & Gamble Co., Inc.,* 107 F.3d 846, 853 (11th Cir. 1997), where the Eleventh Circuit implicitly used a standard of relevance without requiring a compelling need to uphold disclosure of tax returns.  Since Plaintiff has not argued for a higher standard than relevance, it is not necessary to decide whether such a standard is appropriate.

shall be filed under seal.

DONE AND ORDERED in Miami, Florida, on May 15, 2014.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Kathleen M. Williams
Counsel of Record